Date Signed:
June 9, 2014



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| In re | Case No. 13-01783 |
|---|---|
| GABI K. COLLINS, | Chapter 13 |
| Debtor. | Re: Docket No. 57 |

## MEMORANDUM OF DECISION ON OBJECTION TO CLAIM

The debtor objects to a claim filed by her condominium owners association (AOAO). The debtor alleges that the association violated Hawaii law when it failed to accept her "reasonable payment plan" and that the association's claim should be disallowed in its entirety as a result. The debtor also challenges the AOAO's attorneys' fees. For the following reasons, I will overrule the objection.

## I. JURISDICTION

This court has personal and subject matter jurisdiction. Because this matter involves a claim against the estate, the bankruptcy court has constitutional authority to enter a final judgment.

## II. BACKGROUND

In 2006, Ms. Collins acquired a condominium unit in the Kemoo by the Lake project. In 2009, Ms. Collins began to fall behind in paying assessments to the Association of Apartment Owners of Kemoo by the Lake ("AOAO"). By May 2011, the AOAO claimed that the delinquent obligation amounted to $10,985.70. At about the same time, the AOAO began nonjudicial foreclosure proceedings against Ms. Collins.

On May 5, 2011, a statute went into effect that gave condominium owners to cure their defaults and avoid foreclosure:

> If a unit owner notifies the association or its attorney by certified mail return receipt requested or by hand-delivery within five business days following a response to the unit owner's request for the amount to cure a default, together with an estimated amount of the foreclosing association's attorneys' fees and costs, and all other fees and costs related to the default estimated to be incurred by the foreclosing association, that it intends to cure the default, the association shall allow sixty calendar days to the unit owner to cure the default. <u>The association shall not reject a reasonable payment plan for cure of the default; provided that a reasonable plan shall require the owner to pay at a minimum the current maintenance fee and some amount owed on the past due balance</u>. From and after the date that the unit owner gives written notice to the association of its intent to cure the delinquency, any nonjudicial foreclosure of the lien shall be stayed pending the sixty-day period or a longer period that is agreed upon by the parties.[1]

By letter dated June 3, 2011, Ms. Collins (through counsel) offered to pay

---

[1] Haw. Rev. Stat. § 667-21.6 (2011).

2

U.S. Bankruptcy Court - Hawaii   #13-01783   Dkt # 109   Filed  06/09/14   Page 2 of 10

$6,000 in cash to settle the account. She tendered a check for $1,000 and offered to pay $5,000 upon execution of a settlement agreement. By letter dated August 26, 2011, the AOAO rejected Ms. Collins' offer, returned the $1,000 check, and told her that the delinquent balance had risen to $12,204.30.

On September 9, 2011, Ms. Collins offered to pay the AOAO $2,000 up front plus $400 per month toward current maintenance fees and the arrearage. Because the current maintenance fees were then $262.96, it would have taken over ten years to pay the entire balance.

On September 14, 2011, the AOAO rejected Ms. Collins's proposal and said that it would consider an offer providing for an initial payment of $6,000 and additional monthly payments sufficient to pay the entire arrearage within six months.

On June 28, 2012, the legislature repealed the 2011 statute on curing defaults owed to condominium associations. In its place, it enacted section 667-92, which defined a "reasonable payment plan." The new section reads:

> A unit owner may submit a payment plan within thirty days after service of a notice of default and intention to foreclose on the unit owner. The unit owner shall submit the payment plan to the association or its attorney by certified mail return receipt requested or by hand delivery. <u>The association shall not reject a reasonable payment plan</u>. A unit owner may also cure the default within sixty days after service of a notice of default and intention to foreclose on the unit owner by paying the association the full amount of the default, including the foreclosing association's attorneys' fees and costs, and all other fees and costs related to the default that are incurred or estimated to be incurred by the foreclosing association. From and after the date that the unit owner

3

U.S. Bankruptcy Court - Hawaii   #13-01783   Dkt # 109   Filed  06/09/14   Page 3 of 10

gives written notice to the association of the unit owner's intent to cure the default or timely submits a payment plan, any nonjudicial foreclosure of the lien shall be stayed during the sixty-day period to cure the default or during the term of the payment plan or a longer period that is agreed upon by the parties. A unit owner's failure to strictly perform any agreed-upon payment plan shall entitle the association to pursue its remedies without further delay.

<u>For purposes of this section, "reasonable payment plan" means a plan that provides for:</u>

> <u>(1) Timely payment of all assessments that become due after the date that the payment plan is proposed; and</u>
>
> <u>(2) Additional monthly payments of an amount sufficient to cure the default, within a reasonable period under the circumstances as determined by the board of directors in its discretion; provided that a period of up to twelve months shall be deemed reasonable; and provided further that the board of directors shall have the discretion to agree to a payment plan in excess of twelve months.</u>[2]

In November 2012, the AOAO gave formal notice of its intention to foreclose its lien on Ms. Collins' unit. In February 2013, after experiencing difficulties in serving the notice on Ms. Collins, the AOAO gave notice that it would take possession of the unit and rent it out to generate funds to pay Ms. Collins' delinquency. By this time, the AOAO's claim had grown to over $22,000. Ms. Collins says that the AOAO took possession for a short period but then returned possession to her. The AOAO pressed ahead with the foreclosure.

In 2013, Ms. Collins sued the AOAO and its counsel and moved for a

---

[2] Haw. Rev. Stat. § 667-92(c) (2014) (emphasis added).

U.S. Bankruptcy Court - Hawaii   #13-01783   Dkt # 109   Filed  06/09/14   Page 4 of 10

preliminary injunction restraining the AOAO from conducting a foreclosure auction. The state court held an evidentiary hearing on Ms. Collins' motion and denied it. The state court decided that Ms. Collins was not likely to prevail on the merits of any of her claims, the AOAO had complied with the requirements of a nonjudicial foreclosure, Ms. Collins never submitted a "reasonable payment plan," and the AOAO's attorneys' fees were reasonable.[3]

## III. STANDARD

A creditor may file a proof of claim.[4] The claim is deemed allowed unless a party in interest objects to it.[5] Once the claim is properly filed, it is presumptively valid.[6] The objector "must come forward with evidence to rebut the presumption of validity."[7]

---

[3] An order granting or denying a preliminary injunction is not necessarily a final judgment that has preclusive effect. *Starbuck v. City and County of San Francisco*, 556 F.2d 450, ("[I]ssues litigated in a preliminary injunction action are not res judicata and do not form a basis for collateral estoppel."); *see Malhoff v. Saito*, 111 Haw. 168, 181-82 n.16 (Haw. 2006) ("[T]he grant or denial of a preliminary injunction 'will be given preclusive effect if it is necessarily based upon a determination that constitutes an insuperable obstacle to the plaintiff's success on the merits'—i.e., 'the decision need only be immune, as a practical matter, to reversal or amendment.'") (citations omitted). The state court's decision is not necessarily binding, but it is nevertheless instructive, particularly because the state court held an evidentiary hearing.

[4] 11 U.S.C. § 501(a).

[5] 11 U.S.C. §§ 502(a), (b).

[6] Fed. R. Bankr. P. 3007(f).

[7] *In re Southern California Plastics, Inc.*, 165 F.3d 1243, 1248 (9th Cir. 1999).

U.S. Bankruptcy Court - Hawaii   #13-01783   Dkt # 109   Filed  06/09/14   Page 5 of 10

## IV. DISCUSSION

### A. "Reasonable Payment Plan"

Ms. Collins contends that she proposed "reasonable payment plans" and that, because the AOAO rejected those offers, the AOAO's claim must be disallowed. I reject both the premise and the conclusion of this argument.

Ms. Collins' first offer was a payment of $6,000 in full satisfaction of a claim of about $12,000. The statute in effect at that time did not define the phrase "reasonable payment plan." I conclude that a plan that requires an association to take less than the full amount owed is not a "reasonable payment plan" within the meaning of the statute. Words in a statute usually must be given their ordinary meaning.[8] In the ordinary meaning of the phrase, a "payment plan" provides for payment of an obligation in full over time and does not contemplate a discount of the amount of the obligation. If the legislature intended to require associations to accept proposals for discounted payments, the legislature would have used a phrase like "settlement offer" rather than "payment plan." This meaning is particularly appropriate because Hawaii law gives special protection to condominium associations' right to full and timely payment of assessments.[9]

---

[8] *Seki ex rel. Louie v. Hawaii Government Employees Ass'n, AFSCME Local No. 152, AFL-CIO*, No. SCWC-29352, 2014 WL 594327, at *16 (Haw. Feb. 14, 2014).

[9] *See, e.g.*, Haw. Rev. Stat. § 514B-146(c) (providing that condominium owners must pay assessments in full and can challenge those assessments through mediation or arbitration only after

6

U.S. Bankruptcy Court - Hawaii   #13-01783   Dkt # 109   Filed  06/09/14   Page 6 of 10

Ms. Collins says that she expected the AOAO to make a counteroffer and that, if the AOAO had done so, the matter would have been resolved through further bargaining. The statute does not require associations to bargain. It simply says that the association can't reject a reasonable proposal. Under the statute, associations can reject a proposal which is not a "reasonable payment plan" without making a counterproposal.

Ms. Collins' second offer would have required the AOAO to wait about ten years for full payment of the arrears. This proposal was not "reasonable." The 2012 amendment to the statute, while not applicable to this case, is instructive, and it says that an association need not agree to accept repayments over more than one year. Ten years is far longer than reasonable.

Even if one of Ms. Collins' proposals were reasonable, it would not follow that the AOAO's claim should be disallowed. If Ms. Collins is right, an association that fails to accept a "reasonable payment plan" would never be able to collect the unpaid assessments. The statute does not support this result. The statute prohibits an association from "[c]ompleting or attempting to complete nonjudicial foreclosure proceedings in violation of" the section that includes the "reasonable payment plan" provision.[10] Nothing in the statute suggests a permanent bar on collection of the

---

paying them in full).

[10] Haw. Rev. Stat. § 667-104(4).
7

delinquent assessments. Further, this interpretation would be punitive and unreasonable, particularly because the other owners in the project, who probably are innocent of any wrongdoing, would have to make up the shortfall in the association's funding. If an association fails to accept a "reasonable payment plan," a court should simply require the association to accept the plan and prevent the association from foreclosing if the owner complied with that plan.

In summary, Ms. Collins never proposed a "reasonable payment plan" and, even if she had, the AOAO's rejection of that plan would not justify the disallowance of its claim.

### B. Attorneys' Fees

Ms. Collins claims that the AOAO's attorneys' fees are excessive. I have reviewed the evidence and I conclude (as did Judge Crandall in the state court) that the fees are reasonable. It is true that the fees are much larger than usual, but this is attributable to Ms. Collins' choices and conduct.

- She could have paid the assessments as they came due and avoided attorneys' fees altogether, but instead she has not paid assessments since sometime in 2009.

- She says she stopped paying partly because of her financial situation but also because the AOAO had not dealt with a pest infestation. Hawaii law is clear that a condominium owner cannot withhold payments under any

U.S. Bankruptcy Court - Hawaii   #13-01783   Dkt # 109   Filed  06/09/14   Page 8 of 10

circumstances,[11] and her decision to do so resulted in some of the attorneys' fees.

- Rather than propose a simple time payment plan in 2011, when she owed about $12,000 altogether, she chose to seek a discount from the AOAO, to which she was not entitled.

- She chose to sue the AOAO. The AOAO incurred significant fees in that suit, and Ms. Collins lost.

- For some period, she chose to contend that she has a "secured interest" in her own property and adopted a frivolous position similar to the so-called "sovereign citizen" movement.[12]

In short, the AOAO's fees are high because of Ms. Collins' unreasonable conduct.

### C. Constitutionality of Nonjudicial Foreclosure

Ms. Collins briefly argues that the nonjudicial process which the AOAO followed for foreclosure of its lien and seizure of the unit is unconstitutional. Although she cites many constitutional provisions that have no apparent bearing on her case, and her argument is hard to follow, she apparently contends that, under current Hawaii law, borrowers can convert nonjudicial foreclosures to judicial

---

[11] Haw. Rev. Stat. § 514B-146(c) (2014).

[12] Dkt. 57 at 22-25.

foreclosures, but not foreclosures commenced by condominium associations. She argues that this discrepancy treats people who owe condominium assessments worse than people who owe other kinds of debts. She cites no authority in support of her argument that this difference in treatment is unconstitutional.

The Hawaii nonjudicial foreclosure statute is constitutional.[13] The Ninth Circuit has held that the law does not deprive home owners of due process. I do not have the authority to ignore that precedent.

## V. CONCLUSION

The objection is overruled in its entirety.

**END OF DECISION**

---

[13] *Apao v. Bank of New York*, 324 F.3d 1091, 1093 (9th Cir. 2003) (holding that Hawaii's nonjudicial foreclosure law is constitutional).

U.S. Bankruptcy Court - Hawaii   #13-01783   Dkt # 109   Filed  06/09/14   Page 10 of 10