
UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>GABI K. COLLINS,<br><br>        Debtor. | Case No. 13-01783<br>Chapter 13<br><br>Re: Docket No. 55 |

### MEMORANDUM OF DECISION ON OBJECTION TO CLAIM (CLAIM NO. 11, THE BANK OF NEW YORK MELLON)

The debtor objects to a claim filed by The Bank of New York Mellon, as trustee for a securitization trust ("BNY"), on a mortgage loan originally extended to the debtor by Countrywide Home Loans, Inc. ("Countrywide"). Even though I conclude that Ms. Collins did not provide proper service, and therefore must overrule the objection, I will discuss her objections, because I believe she will probably renew her objections.

**Creditor's Identity.** Ms. Collins' objection states that the creditor is Bayview Loan Servicing LLC ("Bayview"). This is incorrect. According to the proof of claim, the creditor is BNY. Bayview appears only in the space for the name and address at

which notice may be sent to the creditor. The misidentification of the creditor permeates Ms. Collins' objection.

**Service.** The official form for a proof of claim has a space for the claimant to designate the "name and address where notices should be sent." One would naturally assume that objections to claims can be served at that address. This assumption is incorrect.

An objection to a claim initiates a "contested matter."[1] The objection must be "served in the manner provided for service of a summons and complaint by Rule 7004 . . . ."[2] Rule 7004 does not permit one to serve a claim objection on a creditor at the "notice" address listed in the proof of claim form.[3]

Initially, Ms. Collins served the creditor by mailing the objection to Bayview at the address listed in the creditor's proof of claim. After I pointed out that this might not be sufficient, Ms. Collins attempted to correct the problem by mailing it (certified mail return receipt requested) to Bayview and Countrywide at a number of other addresses.[4] Ms. Collins has never served BNY directly.

Rule 7004 provides that service can be made "[u]pon a domestic or foreign

---

[1] *United States v. Levoy (In re Levoy)*, 182 B.R. 827, 834 (B.A.P. 9th Cir. 1995).

[2] Fed. R. Bankr. P. 9014(b); *Levoy*, 182 B.R. at 834.

[3] *Monk v. LSI Title Co. (In re Monk)*, 2013 WL 4151864 (Bankr. D. Or. Aug. 9, 2013); *In re Gordon*, 2013 WL 1163773 (Bankr. D. Nev. March 20, 2013).

[4] Dkt. 101.

corporation . . . by mailing a copy of the [objection] to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ."[5]

None of the addresses appear to satisfy Rule 7004, because Ms. Collins has never mailed her objection to BNY, and there is no evidence that either Bayview or Countrywide have authority to receive service of process on BNY.

**Standard**. A creditor may file a proof of claim.[6] The claim is deemed allowed unless a party in interest objects to it.[7] Once the claim is properly filed, it is presumptively valid.[8] The objector "must come forward with evidence to rebut the presumption of validity."[9]

**Holder in Due Course Argument.** Ms. Collins' objects to the claim because Bayview has not proven that it "acquire[d] the rights of a holder in due course, real party in interest, [or] holder entitled to enforce the note."[10]

This argument fails for two reasons. First, BNY, not Bayview, is the creditor.[11]

---

[5] Fed. R. Bankr. P. 7004(b)(3).

[6] 11 U.S.C. § 501(a).

[7] 11 U.S.C. §§ 502(a), (b).

[8] Fed. R. Bankr. P. 3007(f).

[9] *In re Southern California Plastics, Inc.*, 165 F.3d 1243, 1248 (9th Cir. 1999).

[10] Dkt. 55, at 2.

[11] Claim 11-1, at 5.

U.S. Bankruptcy Court - Hawaii   #13-01783   Dkt # 139   Filed 07/24/14   Page 3 of 5

Second, BNY attached to the proof of claim a copy of the note Ms. Collins signed. It is indorsed in blank. The person in possession of a note indorsed in blank is entitled to enforce the note.[12] It also attached an assignment of Ms. Collins' mortgage that secures her promissory note. BNY has a prima facie claim is a holder of Ms. Collins' promissory note. Therefore, it is entitled to enforce the note. Nothing in the Uniform Commercial Code (UCC) prevents it from using an agent, such as a servicer, from enforcing the promissory note.

**Inconsistency Argument.** She also claims that Bayview has made inconsistent statements about who–Bank of America or BNY–is seeking to enforce the note. Any such statements are irrelevant, because BNY is asserting the claim and has produced a copy of Ms. Collins' note with a blank endorsement.

**Chain of Title and Debt Buyer Arguments.** Finally, she raises issues about the note's chain of title and the possibility that the note was purchased in a "bulk package[]."

These arguments are ineffective. The holder of a note does not need to prove the chain of title; it only needs to possess the note with a blank endorsement.[13] The UCC also does not strip debt buyers of the right to enforce promissory notes. Far from it; the UCC intends that promissory notes be freely transferable. Section 3-203

---

[12] Haw. Rev. Stat. § 490:3-301 (2014); § 490:3-204.

[13] Haw. Rev. Stat. § 490:3-301 (2014).

4

U.S. Bankruptcy Court - Hawaii    #13-01783    Dkt # 139    Filed 07/24/14    Page 4 of 5

explicitly states that the transferee (BNY in our case) obtains any rights the transferor had to enforce the instrument.[14]

BNY has a prima facie allowed claim. Ms. Collins has not met her burden of rebutting that claim with contrary evidence.

**Conclusion**. The objection is overruled in its entirety.

## END OF DECISION

---

[14] § 490:3-203(b).