

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re | Case No. 13-01783 |
|---|---|
| GABI K. COLLINS, | Chapter 13 |
| Debtor. | Re: Docket No. 51 |

### MEMORANDUM OF DECISION ON OBJECTION TO CLAIM
### (CLAIM NO. 8, AMERICAN EXPRESS BANK, FSB)

The debtor objects to a claim filed by American Express Bank, FSB, through Becket and Lee LLP, as "Attorneys/Agent for Creditor." The claim is based on a credit card account.

**Service.** The official form for a proof of claim has a space for the claimant to designate the "name and address where notices should be sent." One would naturally assume that objections to claims can be served at that address. This assumption is incorrect.

An objection to a claim initiates a "contested matter."[1] The objection must be

---

[1] *United States v. Levoy (In re Levoy)*, 182 B.R. 827, 834 (B.A.P. 9th Cir. 1995).

"served in the manner provided for service of a summons and complaint by Rule 7004 . . . ."[2] Rule 7004 does not permit one to serve a claim objection on a creditor at the "notice" address listed in the proof of claim form.[3]

Initially, Ms. Collins served the creditor at the notice address listed in the creditor's proof of claim. After I pointed out that this might not be sufficient, Ms. Collins attempted to correct the problem by mailing it (certified mail return receipt requested) to "Thomas A. Lee III, Atty/Agent of Amex."[4]

Rule 7004 provides that service can be made "[u]pon a domestic or foreign corporation . . . by mailing a copy of the [objection] to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ."[5] An attorney is not generally an "agent authorized by . . . law to receive service of process."

A special rule may apply if the creditor is a bank:

> Service on an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Act) in a contested matter or adversary proceeding shall be made by certified mail addressed to an officer of the institution unless–

---

[2] Fed. R. Bankr. P. 9014(b); *Levoy*, 182 B.R. at 834.

[3] *Monk v. LSI Title Co. (In re Monk)*, 2013 WL 4151864 (Bankr. D. Or. Aug. 9, 2013); *In re Gordon*, 2013 WL 1163773 (Bankr. D. Nev. March 20, 2013).

[4] Dkt. 98.

[5] Fed. R. Bankr. P. 7004(b)(3).

2

U.S. Bankruptcy Court - Hawaii  #13-01783  Dkt # 141  Filed 07/24/14  Page 2 of 5

> (1) the institution has appeared by its attorney, in which case the attorney shall be served by first class mail;
>
> (2) the court orders otherwise after service upon the institution by certified mail of notice of an application to permit service on the institution by first class mail sent to an officer of the institution designated by the institution; or
>
> (3) the institution has waived in writing its entitlement to service by certified mail by designating an officer to receive service.[6]

According to its website (personalsavings.americanexpress.com/index.html), American Express Bank, FSB, is a member of the Federal Deposit Insurance Corporation. When Becket and Lee filed the claim for the bank, "the institution . . . appeared by its attorney."

Therefore, service is sufficient.

**Standard**. A creditor may file a proof of claim.[7] The claim is deemed allowed unless a party in interest objects to it.[8] Once the claim is properly filed, it is presumptively valid.[9] The objector "must come forward with evidence to rebut the presumption of validity."[10]

**"Debt Buyer" Claims.** Ms. Collins objects to paying this claim, because she

---

[6] Fed. R. Bankr. P. 7004(h).

[7] 11 U.S.C. § 501(a).

[8] 11 U.S.C. §§ 502(a), (b).

[9] Fed. R. Bankr. P. 3007(f).

[10] *In re Southern California Plastics, Inc.*, 165 F.3d 1243, 1248 (9th Cir. 1999).

U.S. Bankruptcy Court - Hawaii   #13-01783   Dkt # 141   Filed 07/24/14   Page 3 of 5

believes that the claimant is a bulk debt buyer.[11] Her basis for this belief is that she called American Express, and it told her that the account had been sold to a collection company. But the claim is filed on behalf of American Express, not an assignee. Ms. Collins' testimony is most likely inadmissible hearsay. American Express is the original creditor, so her arguments about "debt buyers" and holders in due course are irrelevant.

Even if the claim were filed by a debt buyer, Ms. Collins' objection would fail. The implicit premise of Ms. Collins' first objection is that a debt buyer should not collect more on a debt than the debt buyer paid for it. This premise has no legal basis. Further, it has no moral basis. She apparently thinks that she should not pay her debt because her original creditor elected to sell the debt to someone else rather than wait for her to honor her obligation. This would give Ms. Collins an unjustified windfall.

**Business vs. Personal Debt.** Ms. Collins argues that the credit card is a debt of her business and not her personal debt. She relies on the fact that the address on the statements and correspondence she received from American Express had her name on the first line and "About Time ACQ LLC" on the second line.

Ms. Collins has not overcome the presumption of validity. Both Ms. Collins' name and her business's name are on the bill. This suggests that both she and her company are liable on the debt. Additionally, the settlement letter from American

---

[11] Dkt. 51.

U.S. Bankruptcy Court - Hawaii   #13-01783   Dkt # 141   Filed  07/24/14   Page 4 of 5

Express attached to her objection is addressed to Ms. Collins. In order to rebut the presumption of validity, Ms. Collins must show that only her company was liable on the credit card.

**Reduction of Credit Line.** Ms. Collins argues that American Express reduced her credit limit from $40,000 to $1,000. After she asked American Express to raise her limit to $5,000, it declined. This probably had an adverse impact on her company, but there is no evidence that American Express was not allowed to do this under the terms of the contract.

**Conclusion**. The objection is overruled in its entirety.

**END OF DECISION**

U.S. Bankruptcy Court - Hawaii   #13-01783   Dkt # 141   Filed   07/24/14   Page 5 of 5