

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>GABI K. COLLINS,<br><br>        Debtor. | Case No. 13-01783<br>Chapter 13<br><br>Re: Docket No. 65 |

### MEMORANDUM OF DECISION ON OBJECTION TO CLAIM
### (CLAIM NO. 5, ALTAIR OH XIII LLC)

The debtor objects to a claim filed by Altair OH XIII, LLC on a credit card account, originally extended to the debtor by Citibank. Citibank sold the claim to Ophrys, LLC, and Altair bought the claim from Ophrys.

**Service.** The official form for a proof of claim has a space for the claimant to designate the "name and address where notices should be sent." One would naturally assume that objections to claims can be served at that address. This assumption is incorrect.

An objection to a claim initiates a "contested matter."[1] The objection must be

---

[1] *United States v. Levoy (In re Levoy)*, 182 B.R. 827, 834 (B.A.P. 9th Cir. 1995).

"served in the manner provided for service of a summons and complaint by Rule 7004 . . . ."[2] Rule 7004 does not permit one to serve a claim objection on a creditor at the "notice" address listed in the proof of claim form.[3]

Initially, Ms. Collins served the creditor at the notice address listed in the creditor's proof of claim. After I pointed out that this might not be sufficient, Ms. Collins attempted to correct the problem by mailing it (certified mail return receipt requested) to a Larry E. Johnson, "BK Services Mgr. Rep Altair OH XIII, LLC." The original proof of claim states that Mr. Johnson is the claimant's "authorized agent."[4]

Rule 7004 provides that service can be made "[u]pon a domestic or foreign corporation . . . by mailing a copy of the [objection] to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ."[5] Although Altair authorized Mr. Johnson to file the claim, there is no evidence that Altair authorized him to receive service of process. Therefore, service is insufficient.

The insufficiency of service requires me to overrule the objection. Because Ms. Collins may renew the objection, I will discuss its merits.

---

[2] Fed. R. Bankr. P. 9014(b); *Levoy*, 182 B.R. at 834.

[3] *Monk v. LSI Title Co. (In re Monk)*, 2013 WL 4151864 (Bankr. D. Or. Aug. 9, 2013); *In re Gordon*, 2013 WL 1163773 (Bankr. D. Nev. March 20, 2013).

[4] Claim 5-1.

[5] Fed. R. Bankr. P. 7004(b)(3).

U.S. Bankruptcy Court - Hawaii   #13-01783   Dkt # 142   Filed 07/24/14   Page 2 of 4

**Standard**. A creditor may file a proof of claim.[6] The claim is deemed allowed unless a party in interest objects to it.[7] Once the claim is properly filed, it is presumptively valid.[8] The objector "must come forward with evidence to rebut the presumption of validity."[9]

**"Debt Buyer" Claims.** Ms. Collins objects to paying any claims held by "bulk debt buyers . . . who have not been injured . . . by the debtor."

The implicit premise of Ms. Collins' first objection is that a debt buyer should not collect more on a debt than the debt buyer paid for it. This premise has no legal basis. Further, it has no moral basis. She apparently thinks that she should not pay her debt because her original creditor elected to sell the debt to someone else rather than wait for her to honor her obligation. This would give Ms. Collins an unjustified windfall.

**Chain of Title and UCC Objections.** Ms. Collins says that the attachments to the proof of claim indicate that the claim has something to do with Real Time Resolutions and Countrywide Home Loans. Ms. Collins is mistaken. The attachments to this claim do not mention those entities. Instead, they clearly show that the claim

---

[6] 11 U.S.C. § 501(a).

[7] 11 U.S.C. §§ 502(a), (b).

[8] Fed. R. Bankr. P. 3007(f).

[9] *In re Southern California Plastics, Inc.*, 165 F.3d 1243, 1248 (9th Cir. 1999).

3

U.S. Bankruptcy Court - Hawaii   #13-01783   Dkt # 142   Filed 07/24/14   Page 3 of 4

began with Citibank, and was transferred first to Ophrys, and then to Altair.[10]

**Conclusion**. The objection is overruled in its entirety.

## END OF DECISION

---

[10] *See* dkt. no

U.S. Bankruptcy Court - Hawaii   #13-01783   Dkt # 142   Filed  07/24/14   Page 4 of 4