Date Signed:
July 24, 2014



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>GABI K. COLLINS,<br><br>        Debtor. | Case No. 13-01783<br>Chapter 13<br><br>Re: Docket No. 59 |

### MEMORANDUM OF DECISION ON OBJECTION TO CLAIM (CLAIM NO. 4, BANK OF NEW YORK MELLON AS TRUSTEE)

The debtor objects to a claim filed by Real Time Resolutions, Inc. ("RTR"), as agent for The Bank of New York Mellon, as trustee of a mortgage securitization trust ("BNY"), on a mortgage loan originated by Countrywide Home Loans, Inc. ("Countrywide").[1]

**Service.** The official form for a proof of claim has a space for the claimant to designate the "name and address where notices should be sent." One would naturally assume that objections to claims can be served at that address. This assumption is incorrect.

---

[1] Claim 4-1 part 2.

An objection to a claim initiates a "contested matter."[2] The objection must be "served in the manner provided for service of a summons and complaint by Rule 7004 . . . ."[3] Rule 7004 does not permit one to serve a claim objection on a creditor at the "notice" address listed in the proof of claim form.[4]

Initially, Ms. Collins served the creditor at the notice address listed in the creditor's proof of claim. After I pointed out that this was not sufficient, Ms. Collins attempted to correct the problem by mailing it (certified mail return receipt requested) to Countrywide and an individual identified as a "Managing Director for Bankruptcy" for RTR. Ms. Collins has never served the objection directly on BNY.

Rule 7004 provides that service can be made "[u]pon a domestic or foreign corporation . . . by mailing a copy of the [objection] to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ."[5]

Ms. Collins has not served BNY directly, and there is no evidence that BNY has appointed either Countrywide or RTR as its agent to receive service of process. Therefore, service is insufficient.

---

[2] *United States v. Levoy (In re Levoy)*, 182 B.R. 827, 834 (B.A.P. 9th Cir. 1995).

[3] Fed. R. Bankr. P. 9014(b); *Levoy*, 182 B.R. at 834.

[4] *Monk v. LSI Title Co. (In re Monk)*, 2013 WL 4151864 (Bankr. D. Or. Aug. 9, 2013); *In re Gordon*, 2013 WL 1163773 (Bankr. D. Nev. March 20, 2013).

[5] Fed. R. Bankr. P. 7004(b)(3).

U.S. Bankruptcy Court - Hawaii   #13-01783   Dkt # 143   Filed   07/24/14   Page 2 of 3

Because Ms. Collins may renew her objection, I will briefly discuss two doubts about it.

First, I doubt the merits of Ms. Collins' objection, for reasons generally laid out in my rulings on Ms. Collins' objections to other claims.

Second, I doubt that the objection truly serves Ms. Collins' best interests. The primary ground for Ms. Collins' objection is that BNY lacks the right to enforce the mortgage debt. She may not realize that disallowance of the claim on this ground would not disturb the lien of the mortgage; the only implication would be that the chapter 13 trustee will not make any payments to this creditor.[6] This could leave Ms. Collins in a worse position than she already occupies: she might have a valid second mortgage on her home, but her plan payments would go to other creditors instead.

In any event, because the objection was not properly served, I will overrule the objection.

**END OF DECISION**

---

[6] 11 U.S.C. § 506(d)(2).