Date Signed:
July 24, 2014



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>GABI K. COLLINS,<br><br>          Debtor. | Case No. 13-01783<br>Chapter 13<br><br>Re: Docket No. 61 |

## MEMORANDUM OF DECISION ON OBJECTION TO CLAIM
## (CLAIM NO. 3, ADVANTA BANK CORPORATION)

The debtor objects to a claim filed by Advanta Bank Corporation ("Advanta") on a credit card account.

The proof of claim was signed by Susan Gaines, who works as a claims processor for Resurgent Capital Services ("Resurgent"), Advanta's authorized agent. Resurgent appears to be the servicer of the loan, based on attachments to the proof of claim.[1]

**Service.** The official form for a proof of claim has a space for the claimant to designate the "name and address where notices should be sent." One would naturally

---

[1] Claim 3-1, at 4.

assume that objections to claims can be served at that address. This assumption is incorrect.

An objection to a claim initiates a "contested matter."[2] The objection must be "served in the manner provided for service of a summons and complaint by Rule 7004 . . . ."[3] Rule 7004 does not permit one to serve a claim objection on a creditor at the "notice" address listed in the proof of claim form.[4]

Initially, Ms. Collins served the creditor at the notice address listed in the creditor's proof of claim. After I pointed out that this was not sufficient, Ms. Collins attempted to correct the problem by mailing it (certified mail return receipt requested) to

> Susan Gaines, Claims Processor
> Advanta Bank Corp.
> Resurgent Capital Services
> P.O. Box 10368
> Greenville, SC 29603-0368

This is the address where the claimant asked to receive "notice." But the proper address to send notice is different from the proper address for service under Rule 7004.

That rule provides that service can be made "[u]pon a domestic or foreign

---

[2] *United States v. Levoy (In re Levoy)*, 182 B.R. 827, 834 (B.A.P. 9th Cir. 1995).

[3] Fed. R. Bankr. P. 9014(b); *Levoy*, 182 B.R. at 834.

[4] *Monk v. LSI Title Co. (In re Monk)*, 2013 WL 4151864 (Bankr. D. Or. Aug. 9, 2013); *In re Gordon*, 2013 WL 1163773 (Bankr. D. Nev. March 20, 2013).

U.S. Bankruptcy Court - Hawaii  #13-01783  Dkt # 144  Filed 07/24/14  Page 2 of 5

corporation . . . by mailing a copy of the [objection] to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ."[5] A "claims processor" is probably not an "officer" or a "managing or general agent" of the creditor. There is no evidence that this individual was "authorized by appointment or by law to receive service of process" on the creditor.

"[I]t is also sufficient if a copy of the summons and complaint is mailed to the entity upon whom service is prescribed to be served by any statute of the United States or by the law of the state in which service is made when an action is brought against such a defendant in the court of general jurisdiction of that state."[6] Ms. Collins has not provided enough information to show that these requirements are met.

I must overrule the objection because service is insufficient. Because I believe Ms. Collins will renew her objections, I will discuss her objections to the claim.

**Standard**. A creditor may file a proof of claim.[7] The claim is deemed allowed unless a party in interest objects to it.[8] Once the claim is properly filed, it is

---

[5] Fed. R. Bankr. P. 7004(b)(3).

[6] Fed. R. Bankr. P. 7004(b)(7).

[7] 11 U.S.C. § 501(a).

[8] 11 U.S.C. §§ 502(a), (b).

3

presumptively valid.[9] The objector "must come forward with evidence to rebut the presumption of validity."[10]

**"Debt Buyer Claim."** Ms. Collins argues that Resurgent is a "bulk buyer of debt" and that the Federal Deposit Insurance Corporation took over Advanta after it was shut down. As a result, she claims that Resurgent is not a holder in due course. Her argument seems to be that because Resurgent is a "bulk buyer of debt," it may not collect on the debt it purchased.

Ms. Collins offers no evidence that her allegation that Resurgent is a bulk debt buyer. The attachments to the proof of claim suggest that Resurgent is a servicer, not a buyer. Even if Resurgent had bought the debt, however, it would not matter.

The implicit premise of Ms. Collins' argument is that a debt buyer should not collect more on a debt than the debt buyer paid for it. This premise has no legal basis. Further, it has no moral basis. She apparently thinks that she should not pay her debt because her original creditor was shut down before she honored her obligation. This would give Ms. Collins an unjustified windfall.

**Business Debt Argument.** Ms. Collins also claims the debt on her Advanta Account was business debt and not her personal debt. Therefore, she is not liable on the debt.

---

[9] Fed. R. Bankr. P. 3007(f).

[10] *In re Southern California Plastics, Inc.*, 165 F.3d 1243, 1248 (9th Cir. 1999).

4

U.S. Bankruptcy Court - Hawaii   #13-01783   Dkt # 144   Filed 07/24/14   Page 4 of 5

Ms. Collins has not carried her burden to rebut Resurgent's prima facie valid claim. The proof of claim states that the borrower on the account is Ms. Collins and it lists the last four digits of her social security number. In order to rebut the claim, Ms. Collins must prove that only her company was liable on the debt and that she was not a guarantor.

**Deceptive Practices Argument.** Finally, she argues that regulators in Utah shut down Advanta for unfair business practices. She also states that Advanta "slandered[] her credit profile . . . ",[11] "reported her as deceased to the credit bureaus," and unfairly raised her interest rate.

Ms. Collins has not introduced any evidence that any of these allegations are true. It is possible that Resurgent does not have a valid claim against Ms. Collins due to Advanta's actions. But Ms. Collins so far has introduced evidence to support that argument.

**Conclusion**. The objection is overruled in its entirety.

## END OF DECISION

---

[11] Dkt. 61, at 2.

U.S. Bankruptcy Court - Hawaii   #13-01783   Dkt # 144   Filed  07/24/14   Page 5 of 5