Date Signed:
July 24, 2014



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>GABI K. COLLINS,<br><br>        Debtor. | Case No. 13-01783<br>Chapter 13<br><br>Re: Docket No. 63 |

### MEMORANDUM OF DECISION ON OBJECTION TO CLAIM (CLAIM NO. 2, AMERICAN INFOSOURCE LP)

The debtor objects to a claim filed by American InfoSource LP, as agent for Midland Funding LLC, on a credit card account, originally extended to the debtor by Capital One Bank.

**Service.** The official form for a proof of claim has a space for the claimant to designate the "name and address where notices should be sent." One would naturally assume that objections to claims can be served at that address. This assumption is incorrect.

An objection to a claim initiates a "contested matter."[1] The objection must be

---

[1] *United States v. Levoy (In re Levoy)*, 182 B.R. 827, 834 (B.A.P. 9th Cir. 1995).

"served in the manner provided for service of a summons and complaint by Rule 7004 . . . ."[2] Rule 7004 does not permit one to serve a claim objection on a creditor at the "notice" address listed in the proof of claim form.[3]

Initially, Ms. Collins served the creditor at the notice address listed in the creditor's proof of claim. After I pointed out that this was not sufficient, Ms. Collins attempted to correct the problem by mailing it (certified mail return receipt requested) to a "Paralegal" for "American InfoSource LP as agent for Midland Funding LLC."

Rule 7004 provides that service can be made "[u]pon a domestic or foreign corporation . . . by mailing a copy of the [objection] to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ."[4] A "paralegal" is probably not an "officer" or a "managing or general agent" of the creditor. There is no evidence that this individual was "authorized by appointment or by law to receive service of process" on the creditor.

"[I]t is also sufficient if a copy of the summons and complaint is mailed to the entity upon whom service is prescribed to be served by any statute of the United States or by the law of the state in which service is made when an action is brought

---

[2] Fed. R. Bankr. P. 9014(b); *Levoy*, 182 B.R. at 834.

[3] *Monk v. LSI Title Co. (In re Monk)*, 2013 WL 4151864 (Bankr. D. Or. Aug. 9, 2013); *In re Gordon*, 2013 WL 1163773 (Bankr. D. Nev. March 20, 2013).

[4] Fed. R. Bankr. P. 7004(b)(3).

2

U.S. Bankruptcy Court - Hawaii    #13-01783    Dkt # 145    Filed  07/24/14    Page 2 of 4

against such a defendant in the court of general jurisdiction of that state."[5] Ms. Collins has not provided enough information to show that these requirements are met.

I must overrule the objection because service is insufficient. Because I believe that Ms. Collins will renew some or all of her objections, I will discuss the merits of her objection.

**Standard**. A creditor may file a proof of claim.[6] The claim is deemed allowed unless a party in interest objects to it.[7] Once the claim is properly filed, it is presumptively valid.[8] The objector "must come forward with evidence to rebut the presumption of validity."[9]

**"Debt Buyer" Claims.** Ms. Collins objects to paying any claims held by "unsecured, non lender, bulk debt buyers." She argues that the "original creditor recovered losses by over-insuring accounts, by fractionalizing the and selling them multiple times into securitized pools, by charging off and taking their tax benefit, and by selling it to 3d party debt buyers." She does not wish to recognize claims at face

---

[5] Fed. R. Bankr. P. 7004(b)(7).

[6] 11 U.S.C. § 501(a).

[7] 11 U.S.C. §§ 502(a), (b).

[8] Fed. R. Bankr. P. 3007(f).

[9] *In re Southern California Plastics, Inc.*, 165 F.3d 1243, 1248 (9th Cir. 1999).

3

U.S. Bankruptcy Court - Hawaii    #13-01783    Dkt # 145    Filed 07/24/14    Page 3 of 4

value whether the holder of the debt acquired it for pennies on the dollar.

Ms. Collins offers no evidence that any of these statements are true with respect to this lender and this account. Even if they were true, it would not matter.

The implicit premise of Ms. Collins' argument is that a debt buyer should not collect more on a debt than the debt buyer paid for it. This premise has no legal basis. Further, it has no moral basis. She apparently thinks that she should not pay her debt because her original creditor elected to sell the debt to someone else rather than wait for her to honor her obligation. This would give Ms. Collins an unjustified windfall.

**Reduction of Credit Line.** Ms. Collins argues her creditors engaged in "defamation and slander of her credit profile" when they cut her credit limits. Ms. Collins offers no evidence, however, that Capital One Bank ever reduced her credit limit or violated its agreement with Ms. Collins.

**Conclusion**. The objection is overruled in its entirety.

**END OF DECISION**

U.S. Bankruptcy Court - Hawaii   #13-01783   Dkt # 145   Filed  07/24/14   Page 4 of 4