Date Signed:
July 24, 2014



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>GABI K. COLLINS,<br><br>            Debtor. | Case No. 13-01783<br>Chapter 13<br><br>Re: Docket No. 67 |

### MEMORANDUM OF DECISION ON OBJECTION TO CLAIM (CLAIM NO. 1, DISCOVER BANK)

The debtor objects to a claim filed by Discover Bank on a credit card account.

**Service.** The official form for a proof of claim has a space for the claimant to designate the "name and address where notices should be sent." One would naturally assume that objections to claims can be served at that address. This assumption is incorrect.

An objection to a claim initiates a "contested matter."[1] The objection must be "served in the manner provided for service of a summons and complaint by Rule

---

[1] *United States v. Levoy (In re Levoy)*, 182 B.R. 827, 834 (B.A.P. 9th Cir. 1995).

7004 . . . ."[2] Rule 7004 does not permit one to serve a claim objection on a creditor at the "notice" address listed in the proof of claim form.[3]

Initially, Ms. Collins served the creditor at the notice address listed in the creditor's proof of claim. After I pointed out that this was not sufficient, Ms. Collins attempted to correct the problem by mailing it (certified mail return receipt requested) to a "Sr BK Specialist" for "Discover Bank DB Servicing Corp."

Rule 7004 provides that service can be made "[u]pon a domestic or foreign corporation . . . by mailing a copy of the [objection] to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ."[4] A "Sr BK Specialist" is probably not an "officer" or a "managing or general agent" of Discover Bank. There is no evidence that this individual was "authorized by appointment or by law to receive service of process" on Discover Bank.

"[I]t is also sufficient if a copy of the summons and complaint is mailed to the entity upon whom service is prescribed to be served by any statute of the United States or by the law of the state in which service is made when an action is brought

---

[2] Fed. R. Bankr. P. 9014(b); *Levoy*, 182 B.R. at 834.

[3] *Monk v. LSI Title Co. (In re Monk)*, 2013 WL 4151864 (Bankr. D. Or. Aug. 9, 2013); *In re Gordon*, 2013 WL 1163773 (Bankr. D. Nev. March 20, 2013).

[4] Fed. R. Bankr. P. 7004(b)(3).

2

U.S. Bankruptcy Court - Hawaii   #13-01783   Dkt # 146   Filed 07/24/14   Page 2 of 5

against such a defendant in the court of general jurisdiction of that state."[5] Ms. Collins has not provided enough information to show that these requirements are met.

A special rule may apply if the creditor is a bank:

Service on an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Act) in a contested matter or adversary proceeding shall be made by certified mail addressed to an officer of the institution unless–

> (1) the institution has appeared by its attorney, in which case the attorney shall be served by first class mail;
>
> (2) the court orders otherwise after service upon the institution by certified mail of notice of an application to permit service on the institution by first class mail sent to an officer of the institution designated by the institution; or
>
> (3) the institution has waived in writing its entitlement to service by certified mail by designating an officer to receive service.[6]

According to its website (www.discover.com), Discover Bank is a member of the Federal Deposit Insurance Corporation. There is no indication that the "Sr BK Specialist" is an officer of Discover Bank or that any of the exceptions applies.

I must overrule the objection because service is insufficient. Because I believe that Ms. Collins will renew some or all of her objections, I will discuss the merits of her objection.

---

[5] Fed. R. Bankr. P. 7004(b)(7).

[6] Fed. R. Bankr. P. 7004(h).

3

**Standard**. A creditor may file a proof of claim.[7] The claim is deemed allowed unless a party in interest objects to it.[8] Once the claim is properly filed, it is presumptively valid.[9] The objector "must come forward with evidence to rebut the presumption of validity."[10]

**Business vs. Personal Debt.** Ms. Collins argues that the credit card is a debt of her business and not her personal debt. She relies on the fact that the address on the statements and correspondence she received from Discover Bank had her name on the first line and "About Time Acquisitions LLC" on the second line. The credit card agreement provides, however, that "[e]ach Cardmember agrees to be liable individually and jointly with the Business for the entire amount owed on your Account."[11] Because the statements were addressed to Ms. Collins, it is reasonable to assume that Ms. Collins signed the credit card application or requested the credit card for her company. If that is so, she is a "Cardmember" and is liable for the debt."[12]

---

[7] 11 U.S.C. § 501(a).

[8] 11 U.S.C. §§ 502(a), (b).

[9] Fed. R. Bankr. P. 3007(f).

[10] *In re Southern California Plastics, Inc.*, 165 F.3d 1243, 1248 (9th Cir. 1999).

[11] Claim 1-2 at 10.

[12] "'Business' refers to the business entity identified in the application or request for this Account or for the benefit of which the Account was opened . . . . 'Cardmember' refers to the owner, officer or other principal of the Business who signed or submitted the application or request for this Account . . . ." Claim 1-2 at 9.

U.S. Bankruptcy Court - Hawaii   #13-01783   Dkt # 146   Filed 07/24/14   Page 4 of 5

**Reduction of Credit Line.** Ms. Collins argues that, in April 2009, Discover Bank unfairly reduced her credit limit from $15,100 to $11,400 and unfairly charged her extra "overlimit" fees as a result. But the credit card agreement expressly provides that Discover Bank "may increase or decrease your Account credit line . . . without notice."[13] Further, it appears that, within a month, Discover Bank raised the credit limit to $13,300 and refunded the overlimit fee.[14] Thus, it appears that Discover Bank did not break its agreement with Ms. Collins and that Ms. Collins was not damaged.

**Failure to Mitigate.** Ms. Collins argues that Discover Bank "failed to subtract any loss sharing amounts and recovered amounts that they collected to make themselves whole regarding this account." Ms. Collins offers no evidence that Discover Bank made any such collections or that Ms. Collins would be entitled to credit if it had.

**Conclusion**. The objection is overruled in its entirety.

### END OF DECISION

---

[13] Claim 1-2 at 10.

[14] Claim 1-2 at 43.

U.S. Bankruptcy Court - Hawaii   #13-01783   Dkt # 146   Filed 07/24/14   Page 5 of 5