**Date Signed:**
**October 2, 2014**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| In re GABI K. COLLINS,<br><br>Debtor. | Case No. 13-01783<br>Chapter 13<br><br>Re: Docket No. 214 |

## MEMORANDUM OF DECISION ON
## DEBTOR'S MOTION FOR STAY PENDING APPEAL

This memorandum concerns a pro se debtor. She has tried, unsuccessfully, since October 2013 to use the bankruptcy process to reorganize. During the case, she has challenged many of the claims against the estate and initiated an adversary proceeding to challenge the validity of the mortgage on her condominium. In August 2014, I sustained the trustee's objections to the debtor's plan confirmation and granted the trustee's motion to dismiss. After I denied her motion for reconsideration, she moved to stay of order dismissing her case pending her appeal to the Ninth Circuit Bankruptcy Panel (BAP).

I will deny her motion because she has not met the Ninth Circuit's standard

for a stay pending appeal.

**I.     Facts**

The debtor filed this case on October 30, 2013.

Since then, she filed four plans. None of them were confirmed. On November 20, 2013, she filed her first chapter 13 plan. The association of apartment owners at her condominium (AOAO) objected to the plan, because its secured claim would not be paid in full under the plan. She then filed an amended plan on January 6, 2014, along with a motion to value her condominium. That plan was also not confirmed. Less than a month after the hearing on her amended plan, the debtor's counsel withdrew. On April 21, 2014 she filed another amended plan that drew the AOAO's objection. Finally, on July 21, 2014 she filed another plan, to which the AOAO objected.

At the hearing on the fourth plan, I dismissed the case in response to the trustee's motion.

Since then, she has filed a motion for reconsideration. I denied that motion.

She has now moved to stay the dismissal pending her appeal to the Bankruptcy Appellate Panel.

2

U.S. Bankruptcy Court - Hawaii   #13-01783   Dkt # 219   Filed 10/02/14   Page 2 of 5

## II. Standard

Rule 8005 allows the court to grant a stay pending appeal.[1] Most courts apply the injunctive relief standard.[2] That standard requires that the moving party prove that (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and 4) an injunction is in the public interest.[3] The moving party must prove all four prongs.

## III. Discussion

### A. Success on the Merits

I conclude that it is unlikely that the debtor will be successful on appeal to the BAP.

If a party in interest requests, the bankruptcy court may dismiss a chapter 13 cause "for cause."[4] The bankruptcy code explicitly states that one cause is "unreasonable delay by the debtor that is prejudicial to creditors."[5]

---

[1] Fed. R. Bankr. P. 8005.

[2] 10-8005 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 8005.08 (16th ed. 2013).

[3] *Herb Reed Enterprises, LLC v. Florida Entertainment Management, Inc.*, 736 F.3d 1239 (9th Cir. 2013).

[4] 11 U.S.C. § 1307(c).

[5] § 1307(c)(1).

U.S. Bankruptcy Court - Hawaii   #13-01783   Dkt # 219   Filed 10/02/14   Page 3 of 5

This case was eight months old, an unusually long time for a chapter 13 case, and it is unlikely that the debtor will ever be able to confirm a plan. The delay has prejudiced her creditors. The debtor has had enough time to confirm a plan. Any more time would be an unreasonable delay prejudicial to creditors.

**B.    Irreparable Harm**

I find that the debtor will not suffer irreparable harm in the absence of a stay.

In her motion, the debtor stated that two of her properties have been foreclosed. The bankruptcy court cannot void valid state court judgments. If the debtor had valid arguments to oppose foreclosure, she could have made them, and might still be able to make them, in state court.

**C.    Balance of Equities**

The balance of equities tips in favor of Ms. Collins' creditors. The debtor had eight months to confirm a plan. During that time, her creditors were stayed from foreclosing on their collateral. Granting the debtor even more time to confirm a plan would be unfair to her creditors. Bankruptcy is supposed to give the debtor breathing room and a chance to reorganize, but it is not an indefinite stay of creditors' rights.

**D.    Public Interest**

The debtor has not presented any evidence that a stay pending appeal would be in the public interest.

U.S. Bankruptcy Court - Hawaii   #13-01783   Dkt # 219   Filed 10/02/14   Page 4 of 5

## IV. Conclusion

In summary, because the debtor has not proven that 1) she will likely succeed on the merits on appeal, 2) she will suffer irreparable harm, 3) the balance of equities tips in her favor, 4) a stay would be in the public interest, the debtor's motion for a stay pending appeal is DENIED.

**END OF MEMORANDUM**